UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>JIM ROBERTSON,<br><br>    Respondent. | Case No.: 1:21-cv-00480-DAD-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR STAY OF PROCEEDINGS (Doc. 1)<br><br>[TWENTY-ONE DAY DEADLINE] |

On March 16, 2021, Petitioner filed a motion for stay and abeyance (Doc. 1) and filed a petition for writ of habeas corpus on May 3, 2021 (Doc. 8). Pursuant to the Court's order, Respondent filed an opposition to the motion to stay on June 9, 2021. (Doc. 12.) Petitioner filed a reply on July 19, 2021. (Doc. 16.) Respondent contends that this Court should abstain from interfering with the ongoing state proceedings pursuant to Younger v. Harris, 401 U.S. 37 (1971), and dismiss the habeas petition as unexhausted. (See Doc. 12.) The Court recommends that Petitioner's motion for a stay be DENIED and the petition be DISMISSED.

**DISCUSSION**

A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory

1

Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.  Background

Petitioner was convicted in Kern County Superior Court of three counts of attempted murder, active participation in a street gang, and being a felon in possession of a firearm. (Doc. 12 at 2.) A number of sentencing enhancement allegations were found true. (Id.) On August 22, 2016, he was sentenced to an indeterminate state prison term of one hundred five years to life, plus a determinate state prison term of forty-six years. (LD[1] 14-1.) Petitioner appealed the judgment.

On December 20, 2019, the California Court of Appeal, Fifth Appellate District remanded the matter to the trial court for resentencing pursuant to 1) California Penal Code § 12022.53(h), as amended by Senate Bill 620 (which gave the trial court discretion to strike firearm enhancements), and 2) California Penal Code §§ 667(a) and 1385(b), as amended by Senate Bill 1393 (which gave the trial court discretion to strike prior serious felony enhancements). (LD 14-1.) The court affirmed the judgment in all other respects. (Id.) The California Supreme Court denied review on March 25, 2020. (LD 14-2; LD 14-3.) Remand proceedings were scheduled for July 14, 2021. (LD 14-4.)

Petitioner filed one state post-conviction collateral action challenging his conviction, a petition for writ of habeas corpus. (Doc. 12 at 2.) The petition was filed in the Kern County Superior Court on February 25, 2021 (LD 14-5), and it was denied on April 12, 2021 (LD 14-6). Petitioner filed the instant motion for stay on March 16, 2021 (Doc. 1), and he filed his federal petition on May 3, 2021 (Doc. 8).

C.  Motion for Stay

A district court has discretion to stay a mixed petition and allow a petitioner to return to state court to exhaust state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Id. In light of AEDPA's objectives, "stay and abeyance [is] available only in

---

[1] "LD" refers to the documents lodged by Respondent with the opposition to the motion for stay.

limited circumstances." Id. at 277. Specifically, the Court said a stay is appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-78; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

In his motion to stay, Petitioner requests that this Court stay these proceedings under Rhines v. Weber, 544 U.S. 269 (2005). (See Doc. 1.) However, the state proceedings are still ongoing and Petitioner's judgment is not yet final – resentencing proceedings were scheduled for July 14, 2021. (See LD 14-4.) Thus, the limitation period for Petitioner to file his federal petition has not even begun to run. As Respondent alleges, after his judgment is final, Petitioner can exhaust his claims in state court and return to federal court. (Doc. 12 at 3.) As discussed further below, under Younger a federal court should not interfere with ongoing state criminal proceedings. Accordingly, Petitioner's motion for a stay is DENIED.

D.     Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on

comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

In the instant case, state proceedings are ongoing. Resentencing proceedings were scheduled for July 14, 2021. (LD 14-4.) California has an important interest in passing upon and correcting violations of a defendant's rights. Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003)). The state courts are adequate forums for Petitioner to seek relief for his claims and he has not availed himself of those avenues for relief. Roberts, 296 F.Supp.2d at 1185. Respondent alleges that Petitioner has not made any showing of the extraordinary circumstance that he will suffer immediate and great irreparable harm if the Court abstains until after Petitioner has been resentenced and the judgment has become final. (Doc. 12 at 4.) Additionally, Petitioner admits his federal petition is unexhausted. (Doc. 1; Doc. 8 at 13.) Therefore, the Court recommends abstaining from interfering in state proceedings pursuant to Younger. The petition should be dismissed without prejudice.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Petitioner's motion for a stay be DENIED and the petition be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to objections must be filed within ten court days of the date of service of any objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

The parties are forewarned that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 11, 2021**          /s/ Jennifer L. Thurston
                                    CHIEF UNITED STATES MAGISTRATE JUDGE